**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:24-cv-24253-KMW**

DWAYNE WILSON, TYRONE
HARRIS, and GARY WHEELER,
individually and on behalf of those
similarly situated,

      Plaintiffs,

v.

RICKY DIXON, in his official
capacity as Secretary of the
Department of Corrections;
FRANCISCO ACOSTA, in his
official capacity as Warden of
Dade Correctional Institution; and
FLORIDA DEPARTMENT OF
CORRECTIONS, an agency of
the State of Florida,

      Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

      Defendants, SECRETARY RICKY DIXON, WARDEN FRANCISCO ACOSTA, and the

FLORIDA DEPARTMENT OF CORRECTIONS, pursuant to Rule 8 and Rule 12, Federal Rules

of Civil Procedure, respectfully submit this answer and affirmative defenses to Plaintiffs' Class

Action Complaint (ECF No. 1; "Complaint").

## I.    ANSWER

The unnumbered paragraphs of the introduction to the Complaint are denied.

      1.    Denied.

1

2.      Admitted that Dade Correctional Institution ("Dade CI") is located in Homestead, Florida.  Otherwise, denied.

3.      Denied.

4.      Denied.

5.      Denied.

## JURISDICTION AND VENUE

6.      Admitted that the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 to adjudicate the types of claims at issue in this case. Otherwise, denied.

7.      Admitted.

## PARTIES

8.      Admitted that Plaintiff Dwayne Wilson has been incarcerated at Dade CI since March 2023, that he is 66 years old, and that he has hypertension, a prostate condition, and a burn scar. Otherwise, Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

9.      Admitted that Plaintiff Tyrone Harris has been incarcerated at Dade CI since July 2022 and has hypertension. Otherwise, Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

10.      Admitted that Plaintiff Gary Wheeler has been incarcerated at Dade CI since July 2023, that he is 65 years old, and that he has been diagnosed with COPD. Otherwise, Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

11.     Admitted that Defendant Ricky Dixon is the Secretary of the Florida Department of Corrections. Otherwise, denied.

12.     Admitted that Defendant Francisco Acosta is the Warden of Dade CI. Otherwise, denied.

13.     Admitted that Defendant Florida Department of Corrections (FDC) operates correctional facilities throughout the State, including Dade CI. Otherwise, denied.

### **FACTS**

14.     Defendants are without direct knowledge or information, therefore denied.

15.     Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

16.     Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

17.     Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

18.     Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

19.     Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

20.     Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

21.     Defendants are without direct knowledge or information, therefore denied.

22.     Defendants are without direct knowledge or information, therefore denied.

23.     Defendants are without direct knowledge or information, therefore denied.

24.     Defendants are without direct knowledge or information, therefore denied.

25.     Defendants are without direct knowledge or information, therefore denied.

26.     Defendants are without direct knowledge or information, therefore denied.

27.     Defendants are without direct knowledge or information, therefore denied.

28.     Defendants are without direct knowledge or information, therefore denied.

29.     Defendants are without direct knowledge or information, therefore denied.

30.     Defendants are without direct knowledge or information, therefore denied.

31.     Defendants are without direct knowledge or information, therefore denied.

32.     Defendants are without direct knowledge or information, therefore denied.

33.     Defendants are without direct knowledge or information, therefore denied.

34.     Defendants are without direct knowledge or information, therefore denied.

35.     Defendants are without direct knowledge or information, therefore denied.

36.     Defendants are without direct knowledge or information, therefore denied.

37.     Admitted that Dade CI is an FDC prison in Miami-Dade County, Florida. Otherwise, Defendants are without direct knowledge or information, therefore denied.

38.     Admitted.

39.     Denied.

40.     Admitted.

41.     Admitted that inmates are transferred among the dormitories at Dade CI. Otherwise, denied.

42.     Admitted that the dormitories and dining hall have concrete walls. Otherwise, denied.

43.     Admitted that the dormitories designated A, B, C, D, E, F, G, and H have air conditioning units in the officers' control rooms but not in the areas accessible to inmates. Otherwise, denied.

44.     Denied.

45.     Denied.

46.     Senator Jennifer Bradley's statements speak for themselves. Otherwise, denied.

47.     Defendants are without knowledge or information about which public records requests are referenced, therefore denied.

48.     Defendants are without direct knowledge or information, therefore denied.

49.     Defendants are without direct knowledge or information, therefore denied.

50.     Defendants are without direct knowledge or information, therefore denied.

51.     Defendants are without direct knowledge or information, therefore denied.

52.     Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

53.     Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

54.     Denied.

55.     Defendants are without direct knowledge or information, therefore denied.

56.     Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

57.     Defendants are without direct knowledge or information, therefore denied.

58.     Admitted that the inmate population of Dade CI includes older or unhealthy inmates, but not all inmates are older or unhealthy. Otherwise, denied.

59.     Defendants are without direct knowledge or information, therefore denied.

60.     Defendants are without direct knowledge or information, therefore denied.

61.     Defendants are without direct knowledge or information, therefore denied.

62.     Defendants are without direct knowledge or information, therefore denied.

63.     Defendants are without direct knowledge or information, therefore denied.

64.     Defendants are without direct knowledge or information, therefore denied.

65.     Defendants are without direct knowledge or information, therefore denied.

66.     Defendants are without direct knowledge or information, therefore denied.

67.     Defendants are without direct knowledge or information, therefore denied.

68.     Defendants are without direct knowledge or information, therefore denied.

69.     Defendants are without direct knowledge or information, therefore denied.

70.     Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Admitted that Dormitories A through E have two wings, each with a large sleeping room that includes bunk beds. Otherwise, denied.

75.     Admitted.

76.     Admitted that Dormitories A through E have windows and exhaust fans that blow out air from inside, as well as internal fans that circulate air within the rooms. Otherwise, denied.

77.     Denied.

78.     Admitted that bathrooms and showers adjoin the sleeping rooms, and that the showers have one knob that cannot adjust the water temperature. Otherwise, denied.

79.     Admitted that there are exhaust fans in the bathrooms. Otherwise, denied.

80.     Admitted that Dormitories F, G, and H have three wings, each with cells that include a bed, sink, and toilet where inmates are housed at night and a common area where inmates are permitted to spend time during the day. Otherwise, denied.

81.     Admitted that Dormitories F, G, and H have louver vents that are covered or closed. Otherwise, denied.

82.     Admitted that there are exhaust fans in Dormitories F, G, and H. Otherwise, denied.

83.     Denied.

84.     Denied.

85.     Admitted that there are internal fans within the common areas of Dormitories F, G, and H but not within the calls. Otherwise, denied.

86.     Admitted that Dormitories F and G have windows that open. Otherwise, denied.

87.     Admitted that the cells in Dormitory H do not have windows but have a ventilation system using porous metal plates. Otherwise, denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

92.     Admitted that Dormitories F, G, and H have drains on the floors of the corridors. Otherwise, denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Defendants are without direct knowledge or information, therefore denied.

97.     Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

98.     Admitted that the Florida Department of Management Services selected KPMG in October 2022 to develop a 20-year master plan for FDC, and that KPMG published the "Final Multi-Year Master Plan (FAR-D16): Charting a Path to a Safer, More Efficient Correctional System" in December 2023. Otherwise, denied.

99.     The KPMG Master Plan speaks for itself. Otherwise, denied.

100.    The KPMG Master Plan speaks for itself. Otherwise, denied.

101.    The KPMG Master Plan speaks for itself. Otherwise, denied.

102.    Defendants are without direct knowledge or information, therefore denied.

103.    Defendants are without direct knowledge or information, therefore denied.

104.    Admitted that inmates spend most of their time in the dormitories and may also spend time in air-conditioned spaces, such as the law library, visiting room, medical unit, and education building. Otherwise, denied.

105.    Denied.

106.    Denied.

107.    Admitted that certain air-conditioned spaces are unavailable at night. Otherwise, denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Defendants are without direct knowledge or information, therefore denied.

112.    Admitted that the control rooms of the dormitories are air-conditioned. Otherwise, denied.

113.    Denied.

114.    Denied.

115.    Admitted that correctional officers bring coolers of ice into the dormitories during the summer for the inmates' use. Otherwise, denied.

116.    Denied.

117.    Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

118.    Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

119.    Defendants are without direct knowledge or information, therefore denied.

120.    Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

121.    Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

122.   Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

123.   Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

124.   Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

125.   Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

126.   Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

127.   Defendants are without direct knowledge or information, therefore denied.

128.   Denied.

129.   Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

130.   Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

131.   Denied.

132.   Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

133.   Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

134.   Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

135.    Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

136.    Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

137.    Denied.

138.    Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

139.    Admitted that Dormitories A, B, C, and D are geriatric dormitories in accordance with Rule 33-601.217, Florida Administrative Code. Otherwise, denied.

140.    Admitted that Dormitories F, G, and H are not geriatric dormitories but can house elderly inmates. Otherwise, denied.

141.    Admitted that inmates with physical disabilities are housed in each of the operational dormitories at Dade CI. Otherwise, denied.

142.    Denied.

143.    Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

144.    Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

145.    Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

146.    Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

147.    Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

148.    Denied.

149.    Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

150.    Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

151.    Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

152.    Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

153.    Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

154.    Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

155.    Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

156.    Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

157.    Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

158.    Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

159.     Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

160.     Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

161.     Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

162.     Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

163.     Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

164.     Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

165.     Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

166.     Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

167.     Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

168.     Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

169.     Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

170.     Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

171.     Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

172.     Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

173.     Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

174.     Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

175.     Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

176.     Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

177.     Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

178.     Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

179.     Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

180.     Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

181.    Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

182.    Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

183.    Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

184.    Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

185.    Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

186.    Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

187.    Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

188.    Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

189.    Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

190.    Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

191.    Defendants are without direct knowledge or information, therefore denied.

Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

192.    Defendants are without direct knowledge or information, therefore denied.

193.    Defendants are without direct knowledge or information, therefore denied.

194.    Denied.

195.    Admitted that J.B. died on September 24, 2024, and that he used a wheelchair. Otherwise, denied.

196.    Denied.

197.    Defendants are without direct knowledge or information, therefore denied.

198.    Defendants are without direct knowledge or information, therefore denied.

199.    Defendants are without direct knowledge or information, therefore denied.

200.    Defendants are without direct knowledge or information, therefore denied.

201.    Admitted that J.B. was found unresponsive in his cell. Otherwise, Defendants are without direct knowledge or information, therefore denied.

202.    Admitted that J.B. used a wheelchair. Otherwise, Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

203.    Denied.

204.    Denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

205.    Admitted that C.G. died of heart disease on July 3, 2023. Otherwise, denied.

206.    Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

207.    Admitted that C.G. was 74 years old and had a medical history of hypertension, mobility impairment, and COPD. Otherwise, Defendants are without direct knowledge or

information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

208.    Admitted that C.G.'s autopsy attributed his death to "hypertensive and atherosclerotic heart disease." Otherwise, denied.

209.    Admitted that J.W. became unresponsive and died on September 26, 2021.

210.    Admitted that J.W. was 72 years old and had a medical history of asthma, hypertension, and COPD. Otherwise, Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

211.    Admitted that J.W.'s official cause of death was identified as "hypertensive and atherosclerotic cardiovascular disease," which was a "natural" death. Otherwise, denied.

212.     Admitted that P.W. was found unresponsive in his dormitory on August 15, 2021. Otherwise, denied.

213.    Admitted that P.W. was 55 years old and had a medical history of hypertension, obesity, myocardial infarction, hyperlipidemia, anxiety, and depression. Otherwise, Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

214.    Admitted that P.W.'s autopsy attributed his death to "hypertensive and atherosclerotic heart disease" with a contributory case of "obesity," which was a "natural" death. Otherwise, denied.

215.    Admitted that Plaintiff Dwayne Wilson is 66 years old and has been incarcerated at Dade CI since March 2023. Otherwise, Defendants are without direct knowledge or information, therefore denied.

216.     Admitted that Wilson has high blood pressure. Otherwise, Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

217.     Admitted that Wilson has a prostate condition. Otherwise, Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

218.     Admitted that Wilson has a burn on his shoulder, back, and chest. Otherwise, Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

219.     Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

220.     Admitted that Wilson is generally qualified to participate in FDC programs, services, and activities. Otherwise, denied.

221.     Defendants are without direct knowledge or information, therefore denied.

222.     Defendants are without direct knowledge or information, therefore denied.

223.     Defendants are without direct knowledge or information, therefore denied.

224.     Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

225.     Admitted that Plaintiff Tyrone Harris has been incarcerated at Dade CI since July 2022. Otherwise, denied.

226.     Admitted that Harris has been housed in several dormitories at Dade CI. Otherwise, denied.

227.     Admitted that Harris has high blood pressure and takes medication for it, including hydrochlorothiazide and Lisinopril, and also takes atorvastatin calcium for cholesterol. Otherwise, Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

228.     Admitted that Harris takes Effexor, Abilify, Trileptal, and Buspar. Otherwise, Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

229.     Admitted that Harris has asthma and takes Xopenex and Alvesco for it. Otherwise, Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

230.     Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

231.     Defendants are without direct knowledge or information, therefore denied.

232.     Admitted that Harris has worked in the kitchen. Otherwise, denied.

233.     Defendants are without direct knowledge or information, therefore denied.

234.     Admitted that Harris is generally qualified to participate in FDC programs, services, and activities. Otherwise, denied.

235.     Admitted.

236.     Admitted that Plaintiff Gary Wheeler has COPD. Otherwise, Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

237.    Denied that Wheeler has been diagnosed with sleep apnea. Otherwise, Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

238.    Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

239.    Admitted that Wheeler is generally qualified to participate in FDC programs, services, and activities. Otherwise, denied.

240.    Defendants are without direct knowledge or information, therefore denied.

241.    Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

242.    Denied.

243.    Denied.

244.    Admitted that M.S. is obese and has diabetes, high blood pressure, and sleep apnea. Otherwise, denied.

245.    Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

246.    Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

247.    Defendants are without direct knowledge or information, therefore denied.

248.    Admitted that M.S. has hypertension and takes medication to treat high blood pressure. Otherwise, Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

249.     Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

250.     Admitted that A.B. has spinal cord paraplegia and is confined to a wheelchair. Otherwise, Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

251.     Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

252.      Admitted that A.B. takes medication for depression. Otherwise, Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

253.     Admitted that A.B. has sleep apnea. Otherwise, Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

254.     Defendants are without direct knowledge or information, therefore denied.

255.     Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

256.     Admitted that N.K. is 67 years old. Otherwise, denied.

257.     Defendants are without direct knowledge or information, therefore denied.

258.     Defendants are without direct knowledge or information, therefore denied.

259.     Admitted that J.I. has asthma. Otherwise, Defendants are without direct knowledge or information, therefore denied.

260.     Defendants are without direct knowledge or information, therefore denied.

261.    Admitted that J.P. has high blood pressure. Otherwise, Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

262.    Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

263.    Defendants are without direct knowledge or information, therefore denied.

264.     Admitted that G.M. has hypothyroidism and that he takes a diuretic. Otherwise, Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

265.    Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

266.    Defendants are without direct knowledge or information, therefore denied.

267.    Defendants are without direct knowledge or information, therefore denied.

268.    Defendants are without direct knowledge or information, therefore denied.

269.    Admitted that E.M. has anxiety, depression, epilepsy, and high blood pressure and takes propranolol and sertraline. Otherwise, Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

270.    Defendants are without direct knowledge or information, therefore denied.

271.    Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

272.    Defendants are without direct knowledge or information, therefore denied.

273.    Admitted that P.A. has high blood pressure. Otherwise, Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

274.    Admitted that P.A. had prostate cancer and received treatment at another FDC facility. Otherwise, Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

275.    Admitted that P.A. has asthma and uses an inhaler. Otherwise, Defendants are without direct knowledge or information, therefore denied.

276.    Defendants are without direct knowledge or information, therefore denied.

277.    Defendants are without direct knowledge or information, therefore denied.

278.    Defendants are without direct knowledge or information, therefore denied.

279.    Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

280.    Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

281.    Defendants are without direct knowledge or information, therefore denied.

282.    Denied.

283.    Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

284.    Admitted that Defendants are aware that excessive heat can pose risks. Otherwise, denied.

285.    Denied.

286.    Denied.

287.    Admitted that Secretary Dixon appeared before the Florida Senate's Appropriations Committee on Criminal and Civil Justice on October 11, 2023. Secretary Dixon's statements speak for themselves. Otherwise, denied.

288.    Secretary Dixon's statements speak for themselves. Otherwise, denied.

289.    Secretary Dixon's statements speak for themselves. Otherwise, denied.

290.    Senator Jennifer Bradley's statements speak for themselves. Otherwise, denied.

291.    Senator Jennifer Bradley's statements speak for themselves. Otherwise, denied.

292.    Senator Jennifer Bradley's statements speak for themselves. Otherwise, denied.

293.    Secretary Dixon's statements speak for themselves. Otherwise, denied.

294.    Senator Jennifer Bradley's statements speak for themselves. Otherwise, denied.

295.    Senator Jason Pizzo's statements speak for themselves. Otherwise, denied.

296.    The KPMG Master Plan speaks for itself. Otherwise, denied.

297.    The KPMG Master Plan speaks for itself. Otherwise, denied.

298.    The KPMG Master Plan speaks for itself. Otherwise, denied.

299.    Denied.

300.    Admitted that information about the risks posed by excessive heat is disseminated to the staff of Dade CI. Otherwise, denied.

301.    Admitted that the FDC's Office of Institutional Operations published a security advisory on heat awareness and sent it to all wardens and that the advisory contained information about heat exhaustion and heat stroke, as well as the NWS heat index table. Otherwise, denied.

302.    Admitted that on July 28, 2023, Warden Acosta sent a memorandum with the subject, "Heat Mitigation," to the staff of Dade CI. The memorandum speaks for itself. Otherwise, denied.

303.     Admitted that on July 27, 2023, the Assistant Chief of Mental Health Services sent an email to leaders at Dade CI entitled, "Urgent Concern – Heat Mitigation at Dade Inpatient Unit." Admitted that the inpatient unit at Dade CI is normally air conditioned. Otherwise, denied.

304.     The email speaks for itself. Otherwise, denied.

305.     The email speaks for itself. Otherwise, denied.

306.     Admitted that on September 6, 2023, Plaintiffs' counsel sent an email to Warden Acosta. The email speaks for itself. Otherwise, denied.

307.     Denied.

308.     Denied.

309.     Admitted that FDC did not record temperatures in dormitories at Dade CI prior to this lawsuit. Otherwise, denied.

310.     Denied.

311.     Denied.

312.     Denied.

313.     Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

314.     Denied.

315.     Admitted that inmates are treated for heat rash, heat exhaustion, and other heat-related conditions. Otherwise, denied.

316.     Denied.

317.     Denied.

318.     Denied.

319.    Denied.

320.    Denied.

## CLASS ACTION ALLEGATIONS

321.    Admitted that Plaintiffs attempt to bring this action on behalf of themselves and others. Otherwise, denied.

322.    Admitted that Plaintiffs propose to represent a class. Otherwise, denied.

323.    Admitted that Plaintiffs propose to represent subclasses. Otherwise, denied.

324.    Denied.

325.    Denied.

326.    Admitted that there are more than 310 inmates over age 65 incarcerated at Dade CI. Otherwise, denied.

327.    Denied.

328.    Denied.

329.    Denied.

330.    Denied.

331.    Denied.

332.    Denied.

333.    Denied.

334.    Defendants are without direct knowledge or information, therefore denied.

335.    Admitted that Defendants do not appear to seek damages in this action. Otherwise, denied.

336.    Denied.

## CAUSES OF ACTION

## COUNT I

337.    Defendants reallege and incorporate the above responses to the allegations preceding the Causes of Action section as if set forth herein.

338.    Admitted that Defendants attempt to bring this count on behalf of themselves and others. Otherwise, denied.

339.    Denied.

340.    Denied.

341.    Denied.

342.    Denied.

343.    Denied.

344.    Denied.

345.    Denied.

346.    Denied.

347.    Denied.

## COUNT II

348.    Defendants reallege and incorporate the above responses to the allegations preceding the Causes of Action section as if set forth herein.

349.    Admitted that Defendants attempt to bring this count on behalf of themselves and others. Otherwise, denied.

350.    Admitted.

351.    Denied.

352.    Denied.

353.    Denied.

354.    Admitted that Plaintiffs and other inmates generally have access to the services, programs, and activities at Dade CI. Otherwise, denied.

355.    Denied.

356.    Denied.

357.    Defendants are without direct knowledge or information, therefore denied. Defendants will rely on expert knowledge regarding the scientific allegation(s) of this Paragraph.

358.    Denied.

359.    Denied.

360.    Denied.

361.    Denied.

362.    Denied.

363.    Denied.

364.    Denied.

## **COUNT III**

365.    Defendants reallege and incorporate the above responses to the allegations preceding the Causes of Action section as if set forth herein.

366.    Admitted that Defendants attempt to bring this count on behalf of themselves and others. Otherwise, denied.

367.    Denied.

368.    Denied that FDC receives federal financial assistance as to the Rehabilitation Act.

369.    Denied.

370.    Denied.

371.    Denied.

372.    Denied.

373.    Denied.

374.    Denied.

375.    Denied.

376.    Denied.

The Plaintiffs' Request for Relief is denied and opposed by Defendants.

## II.    AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM

Plaintiffs have failed to state a claim under any of their counts. *First*, Plaintiffs have not stated a valid Eighth Amendment claim because they have failed to allege a risk so grave that it violates contemporary standards of decency, nor have they alleged a substantial risk of serious harm. *Second*, Plaintiffs have not stated a prima facie discrimination claim because they have failed to allege that they are qualified individuals with a disability; that they were excluded from participation in or denied the benefits of Dade CI's services, programs, or activities or were otherwise discriminated against by FDC; or that even if they were denied access, such discrimination was because of their disability. *Third*, Plaintiffs have not stated a claim for failure to accommodate because they have failed to allege that they made a specific demand for accommodation.

### SECOND AFFIRMATIVE DEFENSE: NO DELIBERATE INDIFFERENCE

A defendant is liable under the Eighth Amendment only if he is deliberately indifferent to a risk that results from his own conduct. To the extent there are heat-related risks at Dade CI and throughout Florida, Secretary Dixon and Warden Acosta are not deliberately indifferent to those risks as demonstrated by their reasonable responses to those risks.

### THIRD AFFIRMATIVE DEFENSE: REASONABLE RESPONSE TO RISK

Relatedly, a defendant who responds reasonably to a risk, even a known risk, cannot be found liable under the Eighth Amendment. To the extent there are heat-related risks at Dade CI and throughout Florida, Secretary Dixon and Warden Acosta are responding reasonably to those risks such as by providing cool water and addressing exhaust fan issues.

## FOURTH AFFIRMATIVE DEFENSE: FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act requires prisoners who wish to challenge some aspect of prison life to exhaust all available administrative remedies before resorting to the courts. Plaintiff Harris has not completed the administrative process in accordance with the applicable grievance procedures established in chapter 33-103 of the Florida Administrative Code. Accordingly, he has failed to exhaust all available administrative remedies.

## FIFTH AFFIRMATIVE DEFENSE: FEDERALISM AND COMITY

Any order requiring an expenditure of public funds by FDC that exceeds available appropriations would constitute an inappropriate incursion by the Court into functions which have been constitutionally delegated to the state legislative branch of government. And, in the absence of appropriated funds, FDC would be unable to comply with the requested relief, to the extent that it requires reconstruction or renovation of Dade CI to include installation of expensive equipment the buildings were not designed to accommodate.

## SIXTH AFFIRMATIVE DEFENSE: QUALIFIED IMMUNITY

Secretary Dixon and Warden Acosta are entitled to qualified immunity against Plaintiffs' Eighth and Fourteenth Amendment claims because their actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

## SEVENTH AFFIRMATIVE DEFENSE: LACK OF STANDING

To the extent Plaintiffs seek to challenge any policies or practices of institutions where they have not been and currently are not incarcerated, Plaintiffs lack standing to bring those challenges.

### EIGHTH AFFIRMATIVE DEFENSE: NO POLICY

In an official-capacity action under 42 U.S.C. section 1983, the entity's policy or custom must have played a part in the violation of federal law. Plaintiffs have identified no particular policy or custom that causes or has caused the alleged unconstitutional deprivation.

### NINTH AFFIRMATIVE DEFENSE: MOOTNESS

Plaintiffs' claims are barred by the doctrine of mootness to the extent that alleged violations have been or will have been remedied before this action is finally adjudicated.

### TENTH AFFIRMATIVE DEFENSE: 18 U.S.C. § 3626(a)(1)(A)

The Plaintiffs' request for prospective relief violates the needs-narrowness-intrusiveness test of the PLRA, as set forth in 18 U.S.C. § 3626(a)(1)(A), by mandating climate control measures that are not narrowly drawn, that extend further than necessary to correct the alleged violations, and that are not the least intrusive means necessary to correct the alleged violations.

### ELEVENTH AFFIRMATIVE DEFENSE: 18 U.S.C. § 3626(a)(1)(B)

The Plaintiffs' request for prospective relief requires Defendants Dixon and Acosta to exceed their authority under State law, in violation of 18 U.S.C. § 3626(a)(1)(B), by mandating expenditures toward climate control measures that the State has not authorized.

### TWELTH AFFIRMATIVE DEFENSE: NOT SUBJECT TO THE REHABILITATION ACT

FDC is not subject to the Rehabilitation Act because it does not receive federal financial aid, as defined in  45 CFR  § 84.10,  for the purposes of being subject to the Rehabilitation Act.

Dated: June 11, 2025                    Respectfully Submitted,

                                        */s/  Raymond F. Treadwell*
                                        Paul C. Huck Jr.
                                        Florida Bar Number: 968358
                                        Mathew D. Gutierrez
                                        Florida Bar Number: 94014
                                        **Lawson Huck Gonzalez, PLLC**
                                        334 Minorca Ave
                                        Coral Gables, FL 33134-4304
                                        850-825-4334
                                        paul@lawsonhuckgonzalez.com
                                        mathew@lawsonhuckgonzalez.com

                                        Raymond F. Treadwell
                                        Florida Bar Number: 93834
                                        Robert E. Minchin III
                                        Florida Bar Number: 1033022
                                        Vivekka Suppiah
                                        Florida Bar Number: 1058339
                                        **Lawson Huck Gonzalez, PLLC**
                                        215 South Monroe Street, Suite 320
                                        Tallahassee, FL 32301
                                        850-825-4334
                                        ray@lawsonhuckgonzalez.com
                                        bob@lawsonhuckgonzalez.com
                                        vivekka@lawsonhuckgonzalez.com
                                        michelle@lawsonhuckgonzalez.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been filed with the CM/ECF website and served on June 11, 2025 to all counsel of record.

                                        */s/ Raymond F. Treadwell*