UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:24-cv-24253-KMW

DWAYNE WILSON, TYRONE HARRIS,
and GARY WHEELER, individually and
on behalf of those similarly situated,

    Plaintiffs,

v.

RICKY DIXON, in his official capacity
as Secretary of the Department of Corrections,
FRANCISCO ACOSTA, in his official capacity
as Warden of Dade Correctional Institution, and
FLORIDA DEPARTMENT OF CORRECTIONS,
an agency of the State of Florida,

    Defendants.
_____/

**PLAINTIFFS' MOTION TO STRIKE DEFENDANTS'**
**EXPERT REPORT OF FREDERIC SCHOENBERG**

    Plaintiffs Dwayne Wilson, Tyrone Harris and Gary Wheeler move, pursuant to Federal Rule of Civil Procedure 37(c)(1), to strike the purported Rebuttal Expert Report of Frederic Schoenberg because the report is an untimely opening expert report.

**I.    INTRODUCTION AND BACKGROUND**

    This case concerns the excessively hot conditions at Dade Correctional Institution (Dade CI). To assess those conditions, the parties agreed to install 31 sensors throughout the prison to record temperature and humidity from May 23 through October 3, 2025. Throughout this period, Plaintiffs periodically downloaded the data from the sensors and immediately provided it to Defendants.

    On October 27, 2025, in accordance with the Court's amended Scheduling Order (Doc. 62), the parties exchanged their expert reports. Plaintiffs disclosed three expert reports, including,

as relevant here, the expert report of Stefano Schiavon, Ph.D. (Doc. 116-3). Dr. Schiavon's report contains a detailed analysis of the heat and humidity data recorded throughout the summer of 2025 at Dade CI. Defendants disclosed eight expert reports, including the Technical Report from René Basulto, a professional engineer. ("Basulto Report"; Doc. 116-23). Mr. Basulto analyzed the same data as Dr. Schiavon and calculated the average room temperatures in some of the dorms. *See id.* at 12.

On December 8, 2025, the parties exchanged rebuttal expert reports. Defendants disclosed the Report of Frederic Schoenberg, PhD. ("Schoenberg Report"; **Ex. A)**. Dr. Schoenberg is a statistician who was "retained by Defendants' counsel to provide expert opinions relating to the statistical analysis of the Heat Index data in this case." *Id.* ¶ 2. In his report, Dr. Schoenberg explains how he used statistical analysis to create 31 Excel files based on the sensors' data. *Id.* ¶¶ 7-19. The relevant data was available to Defendants weeks before the October 27 expert deadline.

Dr. Schoenberg's report does not mention, let alone rebut, any of the expert reports disclosed on October 27, 2025. None of those opening reports are listed in the documents he reviewed in preparing his report. *Id.* at 13-15.

II.     **LEGAL STANDARD**

Rebuttal expert disclosures are "intended solely to contradict or rebut evidence on the same subject matter" as an opponent's expert report. Fed R. Civ. P. 26(a)(2)(D)(ii). "Courts in this district have strictly held that '[r]ebuttal testimony is permitted only when it *directly addresses an assertion* raised by an opponent's experts.'" *Wreal, LLC v. Amazon.com, Inc.*, No. 14-21385-CIV, 2016 WL 8793317, at *3 (S.D. Fla. Jan. 7, 2016) (Goodman, M.J.) (emphasis in the original; quoting *In re Trasylol Prods. Liab. Litig.*, No. 09-01928, 2010 WL 4065436, at *2 (S.D. Fla. Aug. 6, 2010)). "In other words, rebuttal cannot be used to advance *new arguments or new evidence*,

and a rebuttal expert cannot offer separate and distinct analysis[.]" *Id.* (emphasis in the original; quotation marks, brackets, and internal citation omitted). "If a party attempts to advance new arguments through a 'rebuttal' expert, then the overwhelming weight of authority is that preclusion is *required and mandatory* absent some unusual or extenuating circumstances[.]" *Id.* (emphasis in the original; quotation marks omitted).

### III.  ARGUMENT

On its face, the Schoenberg Report is not a rebuttal report because it does not "contradict or rebut" anything stated in the three expert reports that Plaintiffs timely produced on October 27, 2025. Fed R. Civ. P. 26(a)(2)(D)(ii). The data from May 23 through October 3 was available to all parties well in advance of the expert report deadline. Plaintiffs produced an expert report analyzing that data in accordance with the Court's Scheduling Order; Defendants inexplicably waited until after the expert report deadline to hire Dr. Schoenberg. "If Defendants wanted an expert to provide affirmative opinions bearing on the issue of liability, it was incumbent on them to timely do so, but they cannot cloak otherwise untimely affirmative opinions as 'rebuttal' opinions." *Baloa Diaz v. Edi Korta LLC*, No. 24-CV-20522, 2025 WL 3551239, at *5 (S.D. Fla. Dec. 10, 2025). Because Dr. Schoenberg does not even mention any of Plaintiffs' three affirmative expert reports, Defendants cannot credibly contend that Dr. Schoenberg's report rebuts them.

Defendants' timely-disclosed expert, Mr. Basulto, already analyzed the data recorded at Dade CI. *See* Basulto Report at 12 (analyzing the sensors' data to calculate the average temperatures within the Dade CI dormitories during the summer). Dr. Schoenberg merely conducted "a separate and distinct analysis" of the same data, *Wreal*, 2016 WL 8793317, at *3 (quotation marks omitted), resulting in the creation of 31 Excel files, each of which contain 11 columns and 191 rows of data. Schoenberg Report ¶¶ 16-19. None of those 31 files rebut anything

Plaintiffs' experts have said. Defendants' "late addition of [Schoenberg] was in reality an effort to substitute" him as Defendants' expert on data analytics, in place of Mr. Basulto. *Flamingo S. Beach I Condo. Ass'n v. Selective Ins. Co. of Southeast.*, 492 F. App'x 16, 25 (11th Cir. 2012).

Pursuant to Rule 37(c)(1), "[f]ailing to disclose an expert witness by a court-ordered deadline results in an automatic and mandatory exclusion of the witness, unless the nondisclosure was justified or harmless." *Timber Pines Plaza, LLC, v. Kinsale Ins. Co.*, 192 F. Supp. 3d 1287, 1291 (M.D. Fla. 2016) (alteration in original; quotation marks omitted). Here, Defendants' delay is not justified, "[e]specially given that the discovery and motions schedule had been pushed back once already[.]" *Flamingo S. Beach I Condo. Ass'n*, 492 F. App'x at 26 (finding no justification for delay). Nor is the late disclosure harmless. It contravenes the parties' agreement to extend the deadline for filing initial expert disclosures to October 27, 2025. (Docs. 61, 62). And, because the deadline for filing rebuttal expert reports has passed, Plaintiffs "no longer [have] any time left to rebut" Dr. Schoenberg's affirmative opinion. *All-Tag Corp. v. Checkpoint Sys., Inc.*, 408 F. Supp. 3d 1347, 1353 (S.D. Fla. 2019). Plaintiffs have no opportunity to retain an expert to evaluate Dr. Schoenberg's statistical analysis.

Accordingly, Dr. Schoenberg's "rebuttal" report should be stricken as untimely. *See, e.g.*, *id.* (striking untimely affirmative opinions within rebuttal report, finding that the party "had plenty of time to gather experts and provide their reports in a timely manner."); *Flamingo S. Beach I Condo. Ass'n*, 492 F. App'x at 17 (affirming the striking of a rebuttal report that did not rebut any of the plaintiff's expert reports).

IV. **CONCLUSION**

Plaintiffs respectfully request that the Court strike the Schoenberg report as an improper rebuttal report under Federal Rule of Civil Procedure 26(a)(2)(D)(ii), and therefore untimely under the Court's amended Scheduling Order (Doc. 62).

**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.1(a)(3), I certify that I conferred with Defendants' counsel in a good faith effort to resolve the issue raised in this Motion. Defendants oppose the relief sought herein.

Dated: February 5, 2026

Respectfully submitted,

By: */s/ Andrew Udelsman*

Andrew Udelsman, Esq.
Florida Bar No. 1051696
andy@udelsman.law
**UDELSMAN LAW PLLC**
PO Box 557652
Miami, Florida 33255
Phone: (786) 390-2698

Adrian K. Felix, Esq.
Florida Bar No. 30846
afelix@bilzin.com
eservice@bilzin.com
Tabitha P. Cohen, Esq.
Florida Bar No. 1065234
tcohen@bilzin.com
Brandon Storm, Esq. (*pro hac vice*)
bstorm@bilzin.com
**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**

> 1450 Brickell Avenue, Suite 2300
> Miami, Florida 33131
> Telephone: (305) 350-7234
> Direct Fax: (305) 351-2195
>
> Dante P. Trevisani, Esq.
> Florida Bar No. 72912
> dtrevisani@fji.law
> Ray Taseff
> Florida Bar No. 352500
> rtaseff@fji.law
> Erica A. Selig, Esq.
> Florida Bar No. 0120581
> Eselig@fji.law
> **FLORIDA JUSTICE INSTITUTE, INC.**
> 40 NW 3rd Street Suite 200
> Miami, Florida 33128
> Phone: (305) 358-2081
> Fax: (305) 358-0910
>
> *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed via CM/ECF, and a copy of said document has been served via Notices of Electronic Filing generated by CM/ECF on February 5, 2026, to all counsel of record.

> /s/ *Andrew Udelsman*
> Attorney