UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:24-cv-24253

DWAYNE WILSON, TYRONE HARRIS,
and GARY WHEELER, individually
and on behalf of those similarly situated,

    Plaintiffs,

vs.

RICKY DIXON, in his official capacity
as Secretary of the Department of Corrections,
FRANCISCO ACOSTA, in his official capacity
as Warden of Dade Correctional Institution, and
FLORIDA DEPARTMENT OF CORRECTIONS,
an agency of the State of Florida,

    Defendants.

_____

## JOINT MOTION FOR A DISCOVERY HEARING

Plaintiffs and Defendants, pursuant to this Court's Order Setting Discovery Procedures [D.E. 59], jointly move for a discovery hearing for the following reasons.[1] All attorneys who will be arguing are local. Proposed Orders are attached as Exhibit A. Plaintiffs have served Defendants with a Notice of Taking Deposition pursuant to Rule 30(b)(6). Defendants have objected to and refused to produce a deponent for topics 29, 49, 50, 54, 55, 56, and 57. *See* Exhibit B.

**Plaintiffs' Position:**

Plaintiffs' position is that Defendants are required to produce a deponent for these topics. First, even if Defendants believe the topics are objectionable, they are not permitted to refuse to

---

[1] The parties are aware of this Court's prohibition on seeking anticipatory review of the scope of a Federal Rule of Civil Procedure 30(b)(6) notice. However, since Defendants have not designated anyone for these topics, the parties believe it appropriate to raise the issue now rather than at the completion of the deposition.

designate a witness altogether. *United States Equal Emp. Opportunity Comm'n v. Qualtool, Inc.*, No. 5:21-CV-229-ACC-PRL, 2022 WL 16695172, at *5 (M.D. Fla. Nov. 3, 2022) (a party is "required to designate a Rule 30(b)(6) witness even if it disagreed with the deposition topics."). Second, the topics are not objectionable. A corporate designee can be required to "testify about the corporation's position, beliefs and opinions." *QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676, 689 (S.D. Fla. 2012). A topic seeks objectionable expert opinion only where "there are no questions which counsel could ask that would not elicit an expert opinion." *In re Deepwater Horizon Belo Cases*, No. 3:18CV2364, 2023 WL 9229118, at *3 (N.D. Fla. Sept. 5, 2023).[2] And even if a designee need not be prepared to explain its expert's opinions, the designee may still be "required to testify about the facts and lay opinions that are known to the company" that underly those expert opinions. *Id.*

Here, the topics seek facts and opinions that fall well within the FDC officials' purview and outside the realm of expert opinion. Regarding the topics relating to professional standards (29, 49, 50), there are many potential questions that may simply seek the facts behind those topics, such as whether FDC is aware of the standards, whether it determines compliance with them, how such compliance is determined, and how that affects the people incarcerated in its prisons. It is also not objectionable to probe whether FDC believes it is in compliance with these standards, particularly when it may raise compliance as a defense in this matter.

Regarding topics 54-56, Plaintiffs seek to question FDC officials regarding their positions, and the factual bases for them, of whether certain people who fall within the defined sub-classes face an increased risk of harm due to the heat, and what FDC policies or practices it has

---

[2] *Objections sustained in part and overruled in part,* No. 3:18CV2364, 2023 WL 11767011 (N.D. Fla. Nov. 17, 2023).

implemented as a result. If FDC is arguing that—contrary to the findings of other courts—such individuals do not face an increased risk of harm, Plaintiffs are entitled to probe the bases for these conclusions. This is especially so where the FDC has elsewhere maintained that such individuals *do* face an increased risk—it has admitted in interrogatory responses that it "prioritizes air-conditioned housing units for the elderly and the infirm." Ex. C, FDC's Amended Responses to Wilson's Interrogatory 21, at 12. *See also* DE 116-13 (FDC's Assistant Chief of Mental Health Services noting the "increased risks of heat related complications with inmates on psychotropics" and "Individuals with chronic medical conditions (i.e., heart and pulmonary disease, diabetes, alcoholism, etc.) are especially vulnerable."). Similarly, regarding topic 57 on the propriety of using the heat index, FDC policy uses the heat index in its definition of "extreme heat" despite its expert's current claim that it is not an appropriate measure. Ex. C, Procedure 602.060, at 2. Plaintiffs are entitled to obtain FDC's position on the use of the heat index, what that is based on, and whether that position has changed. While Plaintiffs have conferred in good faith, they are not required to preview their questions in advance.

FDC reviews information relating to these topics and has presumably used that information to guide its heat mitigation policies for incarcerated people, and it can not now refuse to answer questions about these topics, when they are critical issues in this case. Plaintiffs seek information about the facts and circumstances behind these decisions. If FDC has no position or knowledge on these issues, it can designate a witness to say so, or designate an expert witness to speak for it.

**Defendants' Position:**

The Department objects to Plaintiffs' improper attempt to elicit testimony requiring "scientific, technical, or other specialized knowledge" under the guise of a Rule 30(b)(6) deposition, as that testimony can only be offered through qualified experts pursuant to Federal

Rule of Evidence 702.³ Fed. R. Evid. 701(c); *see also In re Deepwater Horizon*, 2023 WL 9229118, at *3 ("Rule 30(b)(6) witness does not have license, without more, to opine as an expert."). And, here, the parties have already disclosed their respective experts relating to each of the at-issue topics. *See* D.E. 116-2–116-8, 116-15–116-33.

First as to Plaintiffs' topics pertaining to standards and building codes (Nos. 29, 49, and 50), "[q]uestions as to whether certain practices or documents reflect compliance, or non-compliance, with . . . stated policies are outside the purview of a Rule 30(b)(6) designee." *Boyer v. Reed Smith, LLP*, 2013 WL 5724046, at *3 (W.D. Wash. Oct. 21, 2013) (granting protective order). Here, each of the topics, as written, seek to depose the Department's corporate representative as to the Department's "compliance or noncompliance," *see* Ex. B at 17, 24, with a various standards and codes, which a corporate designee cannot respond to under Rule 701. *See* Fed. R. Evid. 701(c) (prohibiting lay witness testimony on matters that require "scientific, technical or specialized knowledge").⁴ Nor can a Rule 30(b)(6) designee provide legal opinions on whether the Department "did or did not meet the requirement" of any building code. *See Martin v. Omni Hotels Mgmt. Corp.*, 2017 WL 2928154, at *4 (M.D. Fla. Apr. 19, 2017) (holding that not even a *qualified expert* can provide such testimony).

Second, Plaintiffs' topics pertaining to the effects of heat (Nos. 54-57) also are prohibited

---

³ Contrary to Plaintiffs' assertions, "[a] party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery." *Trustees of Boston Univ. v. Everlight Elecs. Co.*, 2014 WL 5786492, at *4 (D. Mass. Sept. 24, 2024); *see also In re Deepwater Horizon*, 2023 WL 9229118, at *3–*6 (granting protective order).

⁴ Plaintiffs also rejected Defendants' offer to limit topics 29, 49, and 50 to whether the Department has been certified as compliant or not compliant with certain standards. *See* Exhibit D at 4. The reason behind their rejection can be found in this Joint Motion: Plaintiffs intend to cross examine the Department regarding whether it *is* or *is not* compliant with those standards and codes, which is prohibited under Rule 701(c). *See supra* at 2–3.

by Rule 701(c). Those topics would require the Department to attempt to explain the link between an individual's medical conditions, age, and medications and the heat and humidity that individual is exposed to, as well as the propriety of the heat index for such analysis. But of course, that testimony requires "scientific, technical, or other specialized knowledge" that only a Rule 702 expert can offer. *See* Fed. R. Evid. 701(c); *see also In re Deepwater Horizon*, 2023 WL 9229118, at *3–*6. Indeed, the parties disclosed their respective experts on these topics. *See* D.E. 116-2, 116-6, 116-15, 116-16–33. And, as Plaintiffs concede, a Rule 30(b)(6) designee is "not required to testify about facts and opinions known by its experts." *In re Deepwater*, 2023 WL 9229118, at *4. Because topics 54 through 57 would "impermissibly require[] [the Department's] corporate representative to provide expert testimony," they should not be allowed to proceed. *Id.* at *5.[5]

In sum, the question is not whether the Department has any personal "position or knowledge" on areas requiring expert testimony, but rather, whether it *can* provide—or be forced to provide—testimony requiring expert qualifications. And because the Department is an undisputed lay witness, i.e., not an expert on standards, codes, the heat index, or the purported medical effect of heat and humidity on individuals, it *cannot* provide such testimony. Defendants therefore request the Court enter a protective order prohibiting Plaintiffs from deposing the Department on Topics 29, 49, 50, and 54 through 57.[6]

WHEREFORE, the Parties respectfully request that the Court schedule a discovery hearing to resolve the above-mentioned matters.

---

[5] Plaintiffs also have injected new topics through this Joint Motion, e.g., seeking testimony on "policies or practices [the Department] has implemented as a result" of its belief regarding the medical effects of heat and humidity. *See supra* at 3; *compare id. with* Ex. B (topics 54 through 57).

[6] This relief would not prejudice Plaintiffs because it seeks only to prohibit Plaintiffs from eliciting expert testimony under the guise of a Rule 30(b)(6) deposition when the parties already have disclosed their respective experts on the at-issue Topics, *see* D.E. 116-2–116-8, 116-15–116-33.

**Certificate of Conferral**

Pursuant to Local Rule 7.1(a)(2), the undersigned parties hereby certify that they conferred about the relief sought in this motion in a good faith effort to resolve the issues raised in the motion and have been unable to do so.

Respectfully submitted,

Dante P. Trevisani
Florida Bar No. 72912
E-mail: dtrevisani@fji.law
Ray Taseff
Florida Bar No. 352500
E-mail: rtaseff@fji.law
Erica Downs
Florida Bar No. 120581
Email: edowns@fji.law
Florida Justice Institute, Inc.
40 NW 3rd Street Suite 200
Miami, Florida 33128
305-358-2081
305-358-0910 (Fax)

Andrew Udelsman
Florida Bar No. 1051696
Email: andy@udelsman.law

By: ___*s/Dante P. Trevisani*___
       Dante P. Trevisani

***Attorneys for the Plaintiff***

*s/Carlos Haag*
Paul C. Huck Jr. (FBN: 968358)
Mathew D. Gutierrez (FBN: 94014)
Carlos Haag (FBN: 1018828)
**LAWSON HUCK GONZALEZ, PLLC**
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134
850-825-4334
paul@lawsonhuckgonzalez.com
mathew@lawsonhuckgonzalez.com
carlos@lawsonhuckgonzalez.com
michelle@lawsonhuckgonzalez.com

sarah@lawsonhuckgonzalez.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 13, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve a copy on all parties who have appeared and are authorized to received Notices of Electronic Filing.

BY: *s/ Dante P. Trevisani*
Dante P. Trevisani