**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 1:24-cv-24253-KMW**

DWAYNE WILSON, TYRONE
HARRIS, and GARY WHEELER,
individually and on behalf of those
similarly situated,

      Plaintiffs,

v.

RICKY DIXON, in his official capacity
as Secretary of the Department of Corrections,
FRANCISCO ACOSTA, in his official capacity
as Warden of Dade Correctional Institution, and
FLORIDA DEPARTMENT OF CORRECTIONS,
an agency of the State of Florida,

      Defendants.

_____/

## DEFENDANTS' EXPEDITED MOTION FOR ENLARGEMENT OF PAGE LIMITS

Defendants Ricky Dixon, Francisco Acosta, and the Florida Department of Corrections ("Defendants") respectfully move on an expedited basis under S.D. Fla. Local Rules 7.1(c)(2) and 7.1(d)(2) for an order enlarging the page limits applicable to Defendants' forthcoming (i) motion to decertify the certified classes and (ii) motion for summary judgment, due May 25, 2026, D.E. 119 at 2–3, as well as the respective oppositions to and replies in support of both motions.

Defendants principally request a modest enlargement of the page limits from twenty (20) to thirty-five (35) pages for the motions and oppositions, and from ten (10) to twenty (20) pages for replies in support of the motions. In the alternative, Defendants request enlargement to thirty (30) pages for the motions and oppositions, and fifteen (15) pages for replies in support, which is the compromise Defendants offered Plaintiffs during the meet and confer detailed below.

Pursuant to Local Rule 7.1(d)(2), Defendants also request expedited consideration of this motion and a ruling within fourteen (14) days, so that Defendants may calibrate the scope of their motions before the May 25, 2026 deadline.

Good cause supports both the requested enlargement and the request for expedited consideration, as set forth below.

## BACKGROUND

Plaintiffs filed this putative class action in October 2024, alleging that the conditions of confinement at Dade Correctional Institution ("Dade CI") violate the Eighth Amendment, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act. *See* D.E. 1. On September 26, 2025, the Court granted Plaintiffs' motion for class certification and certified three classes pursuant to Federal Rule of Civil Procedure 23(b)(2): (i) a "General Class" consisting of all current and future inmates at Dade CI; (ii) a "Heat-Sensitive Subclass" defined by ten enumerated physiological conditions, seven enumerated medication categories, and an over-sixty-five age criterion; and (iii) a "Disability Subclass" defined by ADA- and Rehabilitation Act-qualifying impairments. *See* D.E. 63. The ruling, however, did not have the benefit of any discovery—fact or expert—on the issues pertinent to class certification.

Following certification, the parties engaged in extensive fact and expert discovery, the scope of which was driven by the breadth of the classes—particularly the Heat-Sensitive Subclass's enumerated medical conditions and medication categories. Discovery closed on April 10, 2026, under the Court's Amended Scheduling Order. *See* D.E. 119 at 2. The Amended Scheduling Order also set May 25, 2026, as the deadline for class certification, dispositive, *Daubert*, and Rule 702 motions. *Id.* at 2–3.

## **GOOD CAUSE FOR ENLARGEMENT**

The standard twenty-page limit set forth in Local Rule 7.1(c)(2) cannot accommodate adequate briefing of the class certification and summary judgment issues in this case, for the reasons below.

*First*, the discovery record is voluminous, and that volume is a direct product of the issues raised by Plaintiffs' theory of the case and the breadth of the certified classes. Indeed, over 50,000 documents have been produced in the litigation. And the parties have completed forty-three depositions, including: (1) the three named Plaintiffs; (2) twelve non-party inmate witnesses with experience across the dormitories at issue; (3) fourteen Rule 30(b)(6) depositions of Defendants' designees on numerous topics including the facilities at issue, ventilation, seasonal heat preparedness protocols, training, population management, budgeting, health services practices and procedures, and affirmative defenses, to name a few; and (4) three fact witnesses, including correctional officers and the former warden of Dade CI. The parties also retained and disclosed several experts (affirmative and rebuttal); Plaintiffs disclosed four experts and Defendants disclosed nine. In total, those experts produced *over twenty-five* expert reports or declarations, including affirmative reports, rebuttal reports, and supplemental declarations. *See, e.g.*, D.E. 116-2–116-8, 116-15–116-33. And eleven depositions of those experts have taken place.

The volume of expert work is itself a function of the issues at play: Plaintiffs allege that the conditions at Dade CI expose every current and future inmate—including inmates with the ten enumerated medical conditions, the seven enumerated medication categories, and the disability-qualifying impairments encompassed by the certified subclasses—to a substantial risk of serious harm under the Eighth Amendment, the ADA, and the Rehabilitation Act. Engaging with those

allegations on a developed record—both for class certification and summary judgment purposes—cannot be done in twenty pages.

Second, the certification issues are unusually broad, and the breadth of the certified classes drives both the multiple expert disciplines necessary to address them and the individualized analysis required for each named Plaintiff and putative class members. The General Class encompasses every current and future Dade CI inmate—without limitation as to medical condition, medication, age, or vulnerability profile. The Heat-Sensitive Subclass enumerates ten physiological conditions, seven medication categories, and an age-based criterion, each of which implicates a distinct medical specialty and, consequently, briefing as to the individualized issues those raise. The Disability Subclass turns on ADA- and Rehabilitation Act-qualifying impairments and the regulatory individualized-assessment requirements applicable to each. While the parties previously briefed the class certification issues within the standard twenty-page limit, that prior briefing was not based on any record at all. Briefing the Rule 23 requirements on the now-developed evidentiary record will include addressing expert testimony on areas of cardiology, endocrinology, thermoregulation physiology, indoor environmental quality and HVAC engineering, forensic pathology, and correctional medicine, as well as the facts developed through document discovery and witness depositions.

Further, the three named Plaintiffs each present a different combination of conditions, medications, and disability claims. Thus, the typicality (or lack thereof) of each named Plaintiff relative to each broad class the Court certified is a separate inquiry that cannot be collapsed. And the need for additional pages is further supported by the differences between the dormitories in which the class members reside, and the bearing of those differences on the Rule 23 requirements.

Comprehensive briefing on these intertwined certification issues thus cannot be accomplished within the standard limits.

Third, Defendants' summary judgment briefing will address Plaintiffs' three substantive claims—the Eighth Amendment claim, the ADA claim, and the Rehabilitation Act claim—which likewise require independent factual and legal analysis. The motion may also address standing and exhaustion under the Prison Litigation Reform Act. Each theory requires separate analysis tied to the developed record.

Fourth, the requested enlargement is modest in light of the foregoing. Defendants have endeavored to draft within the standard page limits and cannot do so without omitting material analysis. Plaintiffs themselves concede that some enlargement is warranted: during the meet and confer, Plaintiffs offered to stipulate to twenty-five (25) pages for motions and oppositions, and fifteen (15) pages for replies—an increase of five and five pages, respectively, over the standard limits. *See* Exhibit A.

Last, the requested enlargement will not prejudice Plaintiffs and nor affect the Court's schedule. *See, e.g.*, *Rindfleisch v. Gentiva Health Servs.,* 962 F. Supp. 2d 1310, 1314 (N.D. Ga. 2013) (granting motion to exceed page limits over plaintiffs' opposition where briefs "must synthesize over two years of discovery"); *Wein v. Master Collectors, Inc.*, 1995 WL 550475, at *1 (N.D. Ga. Aug. 16, 1995) (granting motion over plaintiff's opposition where brief was "helpful to the court" and "in no way prejudicial"); *Somers v. Delta Air Lines*, 1996 WL 741379, at *1, *5 (N.D. Ga. Sept. 4, 1996) (granting 50-page reply brief over plaintiff's opposition where "no apparent prejudice or delay would result"); *Lopez v. Hayes Robertson Grp.*, 2015 WL 5726940, at *6 n.2 (S.D. Fla. Sept. 29, 2015) (noting court's prior grant of motion to exceed page limits in decertification briefing).

**<u>GOOD CAUSE FOR EXPEDITED CONSIDERATION</u>**

Pursuant to Local Rule 7.1(d)(2), Defendants respectfully request expedited consideration of this motion. The May 25, 2026 deadline for class certification and dispositive motions provides a narrow window within which Defendants must finalize the structure and depth of their briefing. A ruling within fourteen (14) days will allow Defendants to calibrate the scope of their forthcoming submissions accordingly without disturbing the Court's scheduling order. Defendants thus request that the Court treat this motion as one requiring expedited consideration and rule within fourteen (14) days of the date of filing.

**<u>CONCLUSION</u>**

For these reasons, Defendants respectfully request that the Court enter an order enlarging the page limits applicable to Defendants' motions to decertify and for summary judgment to thirty-five (35) pages, oppositions to those motions to thirty-five (35) pages, and replies in support of those motions to twenty (20) pages. In the alternative, Defendants request the Court enter an order enlarging the page limits applicable to Defendants' motions to decertify and for summary judgment to thirty (30) pages, oppositions to those motions to thirty (30) pages, and replies in support of those motions to fifteen (15) pages.

Defendants further ask the Court to consider this motion on an expedited basis under Local Rule 7.1(d)(2) and rule within fourteen (14) days.

**<u>MEET AND CONFER / LOCAL RULE 7.1(a)(3) CERTIFICATION</u>**

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that, beginning on April 28, 2026, counsel for Defendants conferred in good faith with counsel for Plaintiffs regarding the relief sought in this motion. *See* Ex. A. Defendants initially proposed thirty-five (35) pages for motions and oppositions and twenty (20) pages for replies. On April 29, 2026, Plaintiffs counter-proposed

twenty-five (25) pages for motions and oppositions and fifteen (15) pages for replies. To avoid motion practice, Defendants then proposed a compromise of thirty (30) pages for motions and oppositions and fifteen (15) pages for replies—splitting the difference between the parties' positions. On April 30, 2026, Plaintiffs rejected the compromise and declined any enlargement beyond the twenty-five and fifteen pages they previously offered. Plaintiffs accordingly oppose the relief sought in this motion at both the principal and alternative levels.

Dated: April 30, 2026,                                  Respectfully submitted,

/s/ *Carlos Haag*
Paul C. Huck Jr. (FBN: 968358)
Mathew D. Gutierrez (FBN: 94014)
Carlos Haag (FBN: 1018828)
**LAWSON HUCK GONZALEZ, PLLC**
121 Alhambra Plaza
PH1 Floor, Suite 1604
Coral Gables, FL 33134
Telephone: 850-825-4334
paul@lawsonhuckgonzalez.com
mathew@lawsonhuckgonzalez.com
carlos@lawsonhuckgonzalez.com
michelle@lawsonhuckgonzalez.com
anelis@lawsonhuckgonzalez.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of April 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties via transmission of Notices of Electronic Filing generated by CM/ECF.

By: /s/ *Carlos Haag*
Carlos Haag

8