**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO. 1:24-cv-24253-KMW

DWAYNE WILSON, TYRONE HARRIS, and GARY WHEELER, individually and on behalf of those similarly situated,

Plaintiffs,

v.

RICKY DIXON, in his official capacity as Secretary of the Department of Corrections, FRANCISCO ACOSTA, in his official capacity as Warden of Dade Correctional Institution, and FLORIDA DEPARTMENT OF CORRECTIONS, an agency of the State of Florida,

Defendants.

_______________________________________/

**DEFENDANTS' RESPONSE AND OBJECTIONS TO PLAINTIFFS' NOTICE OF TRIAL AVAILABILITY**

Defendants Ricky Dixon, Francisco Acosta, and the Florida Department of Corrections respond to Plaintiffs' Notice of Trial Availability (D.E. 341) and object to the schedule it proposes. Defendants maintain their objection to commencing trial before they exhaust their opportunity to petition the Eleventh Circuit for permission to appeal the class certification order. Nothing in this filing waives that objection. But if the trial proceeds in November, it should not proceed before November 9, 2026.

## DEFENDANTS' OBJECTIONS

### 1. Defendants Object to Plaintiffs' Request to Begin Trial on November 6, but Do Not Object to Plaintiffs' Alternative Request to Begin Trial on November 16

Plaintiffs object to beginning trial on November 9 because they insist on calling Dr. Vassallo as their first witness, and she is unavailable the week of November 9. According to

Plaintiffs, commencing trial on November 9 "would force Plaintiffs to call her last in their case, with a weekend break in between," which they "believe would be prejudicial." D.E. 341 at 2. Plaintiffs thus ask the Court to commence trial on Friday, November 6, with openings and "other preliminary matters" on Thursday, November 5 or the following week. *Id.* at 2.

Plaintiffs' claim of prejudice is baseless. This is a bench trial. No jury will be influenced by the sequence of witnesses. The Court will decide this case on the whole record, irrespective of the sequencing of witnesses. Plaintiffs made that point themselves a month ago, in support of their request to call Dr. Horn out of turn in their case-in-chief, noting that "[t]he Court controls 'the mode and order of examining witnesses and presenting evidence,'" and that this is "particularly so in a bench trial, when the Court can hear witnesses out of the typical sequence." D.E. 288 at 3.

By contrast, commencing trial on November 6, would impose immense prejudice to Defendants. November 6 is Defendants' deadline to petition the Eleventh Circuit for permission to appeal the certification order entered October 23 (D.E. 334), Fed. R. Civ. P. 23(f), which cannot be extended, Fed. R. App. P. 26(b)(1). Commencing trial on the deadline for Defendants to file their Rule 23(f) petition would effectively eliminate the opportunity the Eleventh Circuit preserved for Defendants to pursue a Rule 23(f) petition if a new certification order was entered.

If, however, the Court is inclined to change the trial date to accommodate Plaintiffs' request for Dr. Vassallo not to testify at the end of Plaintiffs' case-in-chief, then Defendants urge the Court to adopt Plaintiffs' alternative request to commence trial on November 16. Defendants' next preference would be to commence trial on November 12, which would enable Plaintiffs to call Dr. Vassallo in the middle, rather than at the end, of their case-in-chief, if that matters.

**2. If the Court Permits Cause-of-Death Expert Testimony, Defendants Object to Dr. Horn Testifying in Plaintiffs' Case-In-Chief.**

Plaintiffs also seek leave to have Dr. Horn, a pathologist Plaintiffs disclosed as a rebuttal witness, testify in Plaintiffs' case-in-chief, by Zoom, due to scheduling conflicts. Defendants object to Dr. Horn testifying in Plaintiffs' case-in-chief. Plaintiffs did not disclose Dr. Horn as an affirmative expert. They disclosed him solely to rebut cause-of-death testimony of Defendants' experts. D.E. 288 at 3 ("Dr. Horn was disclosed as a rebuttal expert witness."); D.E. 172 at 13 ("Dr. Horn's Reports Are Rebuttal In Nature."); D.E. 158-1 at 1 (December 7, 2025 "Rebuttal Expert Report of Kevin Horn," responding to Defendants' forensic pathology expert, Dr. Francisco Diaz); D.E. 158-4 at 38:14–17; *see also* D.E. 275 at 3–4 (requesting that Dr. Horn testify only in rebuttal, and only if Defendants first offer affirmative cause-of-death opinions). Thus, if Defendants do not elicit affirmative cause-of-death testimony from their experts, Dr. Horn will have no cause-of-death opinion to rebut. If Defendants do elicit cause-of-death expert testimony, it will *only be to rebut* any affirmative cause-of-death opinions Plaintiffs elicit from Dr. Vassallo[1] over Defendants' objection[2]. In this latter scenario, Dr. Horn's opinion would raise nothing new. If allowed, he would simply be restating, as a second expert, the cause-of-death opinion Plaintiffs had already presented through Dr. Vassallo, and thus would be entirely duplicative, as well as improper because Defendants would not be offering any *affirmative* cause-of-death opinion for Dr. Horn to rebut.

In all events, if, at the conclusion of Defendants' case-in-chief, Dr. Horn has proper rebuttal to offer, he can offer it by remote transmission in rebuttal.

---

[1] To be clear, Defendants do not intend to offer any affirmative cause-of-death opinion in this case.

[2] Defendants maintain that Dr. Vassallo is not qualified to offer cause-of-death opinion, and that Plaintiffs waived any argument to the contrary.

## CONCLUSION

For these reasons, (1) Defendants object to Plaintiffs' request to commence trial sooner than November 9, but do not oppose Plaintiffs' alternative request to commence trial *later* than November 9[3]; and (2) object to Plaintiffs' request for Dr. Horn to testify in Plaintiffs' case-in-chief.

Dated: October 29, 2026.

Respectfully submitted,

*/s/ Mathew D. Gutierrez*
Paul C. Huck Jr. (FBN: 968358)
Mathew D. Gutierrez (FBN: 94014)
Carlos Haag (FBN: 1018828)
Matthew K. Casbarro (FBN 1026386)
**LAWSON HUCK GONZALEZ, PLLC**
121 Alhambra Plaza,
PH1 Floor, Suite 1604
Coral Gables, FL 33134
850-825-4334
paul@lawsonhuckgonzalez.com
mathew@lawsonhuckgonzalez.com
carlos@lawsonhuckgonzalez.com
michelle@lawsonhuckgonzalez.com
anelis@lawsonhuckgonzalez.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of October 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Mathew D. Gutierrez*
Attorney

[3] Again, Defendants maintain their objection to the commencement of trial *at all* prior to Defendants exhausting their opportunity to pursue review under Rule 23(f).